NICHOLAS AND MARIANN ZAMPETTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zampetti v. Commissioner
Docket No. 26625-91
United States Tax Court
T.C. Memo 1992-700; 1992 Tax Ct. Memo LEXIS 743; 64 T.C.M. (CCH) 1487; December 8, 1992, Filed *743 An order of dismissal for lack of jurisdiction will be entered. For Petitioners: John W. Lyttle, Jr.
For Respondent: Robert A. Baxer. DAWSON
DAWSON
MEMORANDUM OPINION
DAWSON, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was untimely filed, petitioners' Cross-Motion to Dismiss for Lack of Jurisdiction on the ground that the notice of deficiency is invalid, and petitioners' Motion to Shift Burden of Proof to Respondent. Respondent *744 mailed a notice of deficiency to petitioners on August 1, 1991, determining a deficiency in Federal income tax for the 1987 taxable year in the amount of $ 67,314, and additions to tax pursuant to section 6653(a)(1)(A) in the amount of $ 3,366, and section 6653(a)(1)(B) in the amount of 50 percent of the interest due on $ 67,314. Respondent also determined an addition to tax pursuant to section 6661 in the amount of $ 16,829 for that year. The notice of deficiency was mailed by certified mail to petitioners at 179 Larch Avenue, Bogota, New Jersey 07603. It is not disputed that the Bogota address was petitioners' last known address. Petitioners sent by certified mail their petition for a redetermination of the deficiency addressed to the Internal Revenue Service, P.O. Box 630, Holtsville, New York 11742, on October 29, 1991. Wednesday, October 30, 1991, is 90 days from the date of the IRS mailing on August 1, 1991, of the notice of deficiency. The Internal Revenue Service in Holtsville, New York, forwarded the petition to this Court where it was received and filed on November 18, 1991, which date was 109 days after the mailing of the notice of deficiency. Section 6213(a) provides *745 that where a notice of deficiency authorized by section 6212 is addressed to a person within the United States, that person may within 90 days of the mailing of the notice file a petition with this Court for a redetermination of the deficiency. Section 6213(a) is a jurisdictional statute, and if the petition is not filed within the statutory time frame, this Court lacks jurisdiction over the matter. Ordinarily, a document is filed with this Court on the day it is received. There is, however, an exception to this rule set forth in section 7502(a)(1) which provides that if a document required under the revenue laws to be filed within a prescribed period is delivered by U.S. mail to the office with which it is required to be filed, the date of the U.S. postmark stamped on the envelope shall be deemed to be the date of delivery of the document. Petitioners suggest that they met the requirements of section 6213(a) and 7502(a)(1) by mailing the petition to the Internal Revenue Service in Holtsville on October 29, 1991. However, section 7502(a)(2)(B) provides that subsection 7502(a)(1) shall be applicable only if the document was within the period provided for its filing deposited in *746 the U.S. mail, postage prepaid "properly addressed" to the office with which it is required to be filed. See . We note that the first page to the notice of deficiency advised petitioners of the address to which the petition should have been sent. It stated the following: If you want to contest this deficiency in court before making any payment, you have 90 days from the above mailing date of this letter (150 days if addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. To secure the petition form, write to the United States Tax Court, 400 Second Street, NW., Washington, D.C. 20217. The completed petition form, together with a copy of this letter must be returned to the same address and received within 90 days from the above mailing date (150 days if addressed to you outside of the United States). Further, Rule 10(e) provides "Mailing Address: Mail to the Court should be addressed to the United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217." Thus, for the date of mailing of the petition to constitute *747 the date of filing under section 7502(a)(2)(B), the petition should have been addressed to this Court at 400 Second Street, N.W., Washington, D.C. 20217. Petitioners did not so address their petition, and accordingly the date of receipt of the document on November 18, 1991, constitutes the date of filing. We have held on several occasions that mailing to the Internal Revenue Service does not constitute mailing to the U.S. Tax Court. In , we held an envelope addressed "Internal Revenue Service, Attention: Tax Court of United States, 200 No. Los Angeles, Calif." not to be properly addressed. We have consistently held to like effect. See, e.g., ; ; ; ; . We stated in , as follows: We *748 have no authority to extend the period provided by law for filing a petition with the Tax Court whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period. The mailing of a petition to the Internal Revenue Service is manifestly not filing it with the Tax Court. In fact, the Internal Revenue Service was under no legal obligation to forward the petition to the Court. See . Thus, petitioners' argument that they were inexperienced in the ways of tax litigation and attempted to file their petition pro se is simply irrelevant to the question of our jurisdiction. Petitioners urge that, if we must dismiss this matter, we dismiss it upon the ground that a valid notice of deficiency was not mailed. In support of their position, they urge that respondent did not make a "determination" of a deficiency as required under the language of section 6212(a) and cite to , revg. . In Scar, the Ninth Circuit held that this *749 Court should have dismissed a petition for want of jurisdiction because the notice of deficiency revealed on its face that no determination of tax deficiency had been made. We note that in Scar the Commissioner acknowledged that the deficiency notice referred to a tax shelter that had no connection with the taxpayer's return. In the case at bar, however, respondent determined in the notice of deficiency that adjustments should be made to claimed passive losses in the amount of $ 46,981, to net nonpassive income in the amount of $ 29,237 and to itemized deductions in the amount of $ 90,405, resulting in total adjustments to taxable income of $ 166,623. Petitioners contend that they have supporting documents in regard to the disputed items, and that respondent had never reviewed such documents. [2]
*750 Taking all these comments at face value, it is nonetheless apparent that respondent did in fact make a determination about certain items in petitioner's 1987 return, and we hold that the statutory notice of deficiency is valid. See, e.g., , affg. in part, revg. in part, and remanding . Accordingly, we will grant respondent's motion and dismiss the petition for lack of jurisdiction on the ground that petitioners failed to file it in a timely manner. Petitioners' cross-motion to dismiss for lack of jurisdiction will be denied. As a result of our jurisdictional holding above, petitioners' motion to shift the burden of proof to respondent will be deemed to be moot. An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect on the date the notice of deficiency was mailed. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners' accountant, Mr. Jowaiszas, by affidavit to petitioners' motion, states that he met with Internal Revenue Service agents on December 10, 1990, in regard to petitioners' 1987 and 1988 Federal income taxes. On the same date, the IRS issued a document request in regard to the 1988 year and subsequently, on July 12, 1991, a document request for the 1987 year was received with a due date of July 12, 1991. Respondent's agents had previously requested an extension of the statute of limitations in regard to the 1987 taxable year which petitioners had refused. Petitioners' accountant stated that when he called the revenue agents regarding the requested documents he was advised that there was insufficient time remaining on the statute of limitations, and that a notice of deficiency would be prepared.↩